1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOFIA T.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

CASE NO. C22-5497-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

14
15
16
17
18

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

19

**FACTS AND PROCEDURAL HISTORY**

20
21
22

Plaintiff was born on XXXX, 1969.[1] Plaintiff has at least a high school education and previously worked as a general clerk and parts salesman, driver, and garage supervisor. AR 31. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

1   Supplemental Security Income (SSI) on July 22, 2019, alleging disability beginning June 6, 2019.

2   AR 22. The applications were denied at the initial level and on reconsideration. On June 15, 2021,

3   the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 111–

4   41. On June 30, 2021, the ALJ issued a decision finding Plaintiff not disabled.[2] AR 22–33. Plaintiff

5   timely appealed. The Appeals Council denied Plaintiff's request for review on June 22, 2022,

6   making the ALJ's decision the final decision of the Commissioner. AR 1–9. Plaintiff appeals this

7   final decision of the Commissioner to this Court.

8                                    **JURISDICTION**

9        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

10                              **STANDARD OF REVIEW**

11       This Court's review of the ALJ's decision is limited to whether the decision is in

12   accordance with the law and the findings are supported by substantial evidence in the record as a

13   whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more

14   than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

15   mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

16   (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

17   decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th

18   Cir. 2002).

19                                    **DISCUSSION**

20       The Commissioner follows a five-step sequential evaluation process for determining

21

22   [2] In a prior claim for disability benefits, Plaintiff received an unfavorable final decision dated June 5, 2019.
     AR 148–58. Pursuant to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), the ALJ determined that Plaintiff

23   "rebutted the presumption of continuing nondisability due to a new alleged depression impairment not
     previously considered, a change in age category, and with the submission of new and material evidence
     relevant to the claimant's current physical and mental functioning." AR 23.

whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 25.

At step two, the ALJ found that Plaintiff has the following severe impairments: migraines; residual symptoms of double mastectomy; generalized anxiety disorder; and depression. AR 25.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 26–27.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently; can sit for up to six hours total and can stand and/or walk for up to six hours total in an eight-hour workday; can frequently reach overhead and in other directions bilaterally; can tolerate noise levels consistent with an office setting; cannot tolerate harsh overhead or industrial lighting; can tolerate occasional exposure to pulmonary irritants, such as dusts, odors, and fumes; can perform simple, routine and repetitive tasks, but not at a production rate pace (e.g., assembly line work); and can frequently interact with supervisors and coworkers, but only occasionally interact with the public.

AR 27. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 31.

At step five, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 31–32. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as routing clerk, office helper, and mail clerk. AR 32.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ erred in concluding

that Plaintiff can perform the jobs identified at step five; (2) whether the ALJ provided legally adequate reasons for rejecting the medical opinions of Plaintiff's physician; (3) whether the ALJ provided clear or convincing reasons for rejecting Plaintiff's testimony regarding the limitations caused by her impairments; (4) whether the ALJ provided germane reasons for rejecting the lay witness testimony; and (5) whether the ALJ's RFC assessment is incomplete and inconsistent with Plaintiff's impairments. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Step Five**

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Based on the VE's testimony, the ALJ concluded that Plaintiff was capable of performing the requirements of representative occupations such as routing clerk, office helper, and mail clerk. AR 32.

Plaintiff argues that Plaintiff's primary language is Spanish and the ALJ failed to take into account Plaintiff's problems reading, writing, and speaking effectively in English when concluding that Plaintiff could perform the jobs identified at step five. Dkt. 8, at 3. On February 25, 2020, the Social Security Administration removed the inability to communicate in English as an education category. 85 Fed. Reg. 10,586 (February 25, 2020). As a result, the agency "no longer consider[s] whether an individual is able to communicate in English at the fifth and final step of the sequential evaluation process (step 5)." *Id.* at 10,587; *see* Social Security Ruling (SSR) 20-01p. Plaintiff has not shown that the ALJ's decision fails to comply with the regulations applicable at the time of the decision. Accordingly, Plaintiff has not shown that the ALJ erred by not explicitly discussing

Plaintiff's English language proficiency in at step five.

Plaintiff argues that the jobs of office helper and mail clerk do not exist in significant numbers because they represent only 12,000 and 13,000 jobs, respectively, in the national economy. Dkt. 8, at 4 (citing AR 32). At step five, the ALJ considers whether "there is a significant number of jobs (in one or more occupations)" that the claimant can perform with their physical and mental limitations. 20 C.F.R. §§ 404.1566(b), 416.966(b). Here, the ALJ identified three occupations—routing clerk, office helper, and mail clerk—that Plaintiff is capable of performing, which occupations represent a total of 59,000 jobs in the national economy. AR 32. Therefore, substantial evidence supports the ALJ's conclusion that work exists in significant numbers in the national economy that Plaintiff is able to perform.

**2. Medical Opinion Evidence**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A.  Dr. Barbara Digman, Ph.D.

In a letter dated June 9, 2021, Dr. Digman assessed that Plaintiff "suffers from severe

depression, PTSD, agoraphobia, debilitating anxiety including panic attacks, insomnia, and agoraphobia" and experiences "chronic pain and migraine headaches." AR 1504. Dr. Digman opined that Plaintiff "is quite debilitated by her symptoms, is unable to work and most days can barely function to do daily activities." AR 1504.

The ALJ found Dr. Digman's opinion unpersuasive. AR 30. The ALJ determined that the doctor failed to provide a function-by-function assessment and that the doctor's opinion was "vague, poorly supported, and not consistent with the medical evidence, which shows the claimant to respond to treatment and fails to document any 'debilitating' mental symptoms." AR 30. Citing 20 C.F.R. § 404.1520b(c), the ALJ further found that Dr. Digman's "conclusory statement that the claimant is unable to work is neither inherently valuable or persuasive." AR 30.

Plaintiff argues that the ALJ erred because "[i]t appears clear, and not at all vague, that Dr. Digman believed that it was her patient's diminished overall functioning that precludes her ability to work." Dkt. 8, at 5. An ALJ may reject a medical opinion that fails to specify functional limitations. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Here, Dr. Digman did not provide any functional limitations; rather, the doctor simply opined that Plaintiff is "debilitated by her symptoms" and is "unable to work." AR 1504. Therefore, the ALJ could reasonably conclude that Dr. Digman's characterizations were inadequate for determining the RFC.

Plaintiff further argues that, if the ALJ found Dr. Digman's opinion to be vague, the ALJ was under a duty to develop the record further. Dkt. 8, at 6. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the ALJ did not find that the evidence was ambiguous or that the record was inadequate to evaluate Plaintiff's limitations. Rather, the ALJ assessed Plaintiff's RFC based on

ORDER
PAGE - 6

1   the opinions of state agency doctors and psychologist, which the ALJ found partly persuasive, and

2   the medical evidence of record, including medical records relating to Plaintiff's double

3   mastectomy, general treatment records, and mental health records. *See* AR 29–30. Therefore,

4   Plaintiff has not shown that the ALJ's duty to develop the record further was triggered.

5        Plaintiff argues that the ALJ improperly found Dr. Digman's opinion to be conclusory and

6   on an issue reserved to the Commissioner. Dkt. 8, at 8–9. Opinions that the claimant is disabled or

7   unable to work are issues reserved for the Commissioner's determination. 20 C.F.R. §§

8   404.1520b(c)(3), 404.1527(d)(1), 416.927(d)(1). Plaintiff cites *Hill v. Astrue*, 698 F.3d 1153 (9th

9   Cir. 2012), for the proposition that a physician's statement that a claimant's ability to work was

10  "unlikely" was not a conclusion reserved to the Commissioner. Dkt. 8, at 8 (citing *Hill*, 698 F.3d

11  at 1159–60). This case is distinguishable from *Hill*. In *Hill*, the Ninth Circuit found that the

12  doctor's statement that the claimant "would be 'unlikely' to work full time was not a conclusory

13  statement like those described in 20 C.F.R. § 404.1527(d)(1), but instead an assessment . . . of [the

14  claimant's] *likelihood* of being able to sustain full time employment" in light of their impairments.

15  *Hill*, 698 F.3d at 1160 (emphasis in original). Here, Dr. Digman did not opine on the *likelihood* of

16  Plaintiff's ability to sustain employment; rather, the doctor asserted in absolute terms that Plaintiff

17  "is quite debilitated by her symptoms" and "is unable to work." AR 1504. Therefore, the ALJ

18  properly found Dr. Digman's opinion to be conclusory and on an issue reserved to the

19  Commissioner.

20       Plaintiff argues that the ALJ improperly found Dr. Dingman's opinion unsupported and

21  inconsistent with the medical record and evidence of Plaintiff's symptoms improving with

22  treatment. Dkt. 8, at 7–8. An ALJ may reject a medical opinion that is inconsistent with the record.

23  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Elsewhere in the decision, the ALJ

cited medical records showing that Plaintiff had a stable mood, clear speech, adequate memory, and normal behavior, thought, and judgment and that Plaintiff's mood improved with treatment. AR 26, 29. As discussed further below, these same records also show abnormal and impaired mental health findings and do not reasonably show improvement in Plaintiff's mental health symptoms. *See* AR 1059–60, 1194, 1211, 1214, 1216. Nevertheless, even if the ALJ erred in finding Dr. Digman's opinion inconsistent and unsupported by the medical evidence, the ALJ's error would be harmless because ALJ provided other valid reasons for rejecting Dr. Digman's opinion, including finding that the doctor's opinion failed to specify any functional limitations and was further vague, conclusory, and on an issue reserved to the Commissioner. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

### 3. Subjective Testimony

The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[3] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 8

Plaintiff alleges that she cannot work because of depression, anxiety, chronic migraines, generalized pain, photophobia, nausea, dizziness, and chronic back pain. AR 400. Plaintiff alleges that her impairments affect lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, completing tasks, concentration, understanding, following instructions, using hands, and getting along with others and that it is difficult to dress, bathe, and care for her hair. AR 128–29, 400. At the hearing, Plaintiff testified that she experiences migraines, pain in her neck and hand, and pain from her double mastectomy, including in her left side, back, neck, shoulders, legs, and hands. AR 120–22, 129–30. Plaintiff further testified that she experiences anxiety and depression and cries almost every day. AR 124–25, 133.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 28.

Plaintiff argues that the ALJ incorrectly characterized a September 2020 MRI of Plaintiff's brain as "unremarkable" and improperly rejected Plaintiff's testimony that she has headaches that send her to bed based on the ALJ's lay interpretation of this evidence. Dkt. 8, at 9–10 (citing AR 28). Plaintiff recites some of the findings from the 2020 MRI and suggests, without argument, that these findings contradict the ALJ's discussion of the MRI. *Id.* at 10. However, the ALJ referred specifically to the medical impression of the MRI findings, including the doctor's assessment that the MRI found no evidence of hemorrhage and minimal white matter changes. AR 28 (citing AR 1290). Further, the MRI findings note several "normal" and "unremarkable" findings, including that the ventricles, pituitary gland, vestibular, skull base, cranium, and craniocervical junction are "normal" or "grossly normal" and that the vascular flow voids are "unremarkable." AR 1290. The

ORDER
PAGE - 9

evidence thus indicates that the ALJ relied on the doctor's medical impression of the MRI findings, and not his own lay interpretation of the MRI, to characterize the MRI as "unremarkable." However, the ALJ failed to explain how or why this evidence was inconsistent with Plaintiff's testimony regarding the severity of her migraines. To the contrary, the ALJ identified evidence that supported Plaintiff's testimony despite the unremarkable 2021 MRI, including that Plaintiff "did have some mild disc disease at C5-6, which likely contributed to her headaches" and that Plaintiff's medical providers linked her migraines to her anxiety and depressive symptoms. AR 28. Therefore, the ALJ's rejection of Plaintiff's testimony concerning the severity of her migraines based on the unremarkable 2021 MRI was not specific, clear, or convincing and lacked the support of substantial evidence.

Plaintiff argues that the ALJ improperly rejected Plaintiff's testimony concerning disabling migraines by finding that Plaintiff's migraines improved with treatment. Dkt. 8, at 10–11. Plaintiff argues that "there is no evidence that [the migraines] have improved to the point where they would be tolerated at a job." *Id.* An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. The evidence cited by the ALJ shows that Plaintiff reported daily headaches in April 2020, more than 25 severe headaches per month in October 2020, eight severe headaches per month in April 2021, and three to four migraines in April and May 2021. AR 1358, 1418, 1489, 1503. When a claimant's symptoms vary or improve during the alleged disability period, the ALJ must address the progression of the claimant's symptoms when evaluating the claimant's symptom testimony. *Smith v. Kijakazi*, 14 F.4th 1108, 1112–13 (9th Cir. 2021). Here, the ALJ improperly rejected Plaintiff's testimony concerning debilitating migraine symptoms for the entire alleged disability period and failed to consider Plaintiff's limitations both before and after the improvement. Therefore, the ALJ's

ORDER
PAGE - 10

rejection of Plaintiff's testimony regarding debilitating migraines for the entire disability period was not specific, clear, convincing, or supported by substantial evidence.

Plaintiff next argues that the ALJ improperly found Plaintiff's testimony concerning her mental impairments to be inconsistent with the record and evidence of improvement. Dkt. 8, at 11. Plaintiff endorsed experiencing anxiety, depression, low mood, insomnia, helplessness, low energy, and loss of interest. AR 29 (citing AR 1122). The ALJ cited medical records noting Plaintiff with normal mental findings, including normal or adequate speech, behavior, mood, thought, judgment, cognition, memory, and recall, and showing that Plaintiff's symptoms improved with treatment. AR 29. However, the records cited by the ALJ also identify abnormal findings in several areas of mental functioning, including impaired abstract reasoning, problem solving, and thought process, decreased fund of knowledge, abnormal speech, flat affect, lability, sadness, and worry. AR 1059–60, 1194, 1211, 1214, 1216. Further, the evidence cited by the ALJ does not reasonably show that Plaintiff's mental health symptoms improved; rather, the records indicate that Plaintiff was working to improve her symptoms through therapy. *See* AR 1151. The ALJ failed to address this evidence, which evidence is not reasonably inconsistent with Plaintiff's testimony. "[I]t is error to reject a claimant's testimony merely because [mental health] symptoms wax and wane in the course of treatment. . . . [I]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Therefore, the ALJ's determination that Plaintiff's testimony was inconsistent with the medical evidence lacked the support of substantial evidence, and the ALJ's reasoning was not specific, clear or convincing.

Plaintiff argues that the ALJ improperly rejected Plaintiff's testimony based on evidence

of Plaintiff's daily activities. Dkt. 8, at 13. An ALJ may use evidence of a claimant's activities when evaluating a claimant's testimony to show inconsistency with the testimony or to show that the claimant's activities meet the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found that, despite her anxiety, Plaintiff was "fully capable of frequent interaction with supervisors and coworkers, and no more than occasional interaction with the public" based on Plaintiff's "ability to go to medical and therapy appointments, shop, and generally interact appropriately with others." AR 30. These activities are neither inconsistent with Plaintiff's testimony that she experiences debilitating depression and anxiety nor clearly transferrable to a work setting. *See Vertigan v. Halter*, 260 F.2d 1044, 1050 (9th Cir. 2001) (an ability to shop is not a valid reason to find a claimant not disabled); *see also Fair v. Bowen*, 885 F.3d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits."). Therefore, the ALJ's conclusion that Plaintiff's testimony concerning her mental symptoms was inconsistent with evidence of Plaintiff's activities lacked the support of substantial evidence, and the ALJ's reasoning was not specific, clear, or convincing.

Finally, Plaintiff argues that the ALJ failed to specify what testimony he disbelieved and, instead, improperly found Plaintiff's testimony to be inconsistent with the RFC's limitations. Dkt. 8, at 14. "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Here, the ALJ summarized Plaintiff's testimony then identified evidence that was inconsistent with or contradicted that testimony. *See* AR 28–30. Although the ALJ did not expressly state that Plaintiff's testimony was "inconsistent" with this evidence, the ALJ's reasoning was readily discernable. *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even

when an agency 'explains its decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may reasonably be discerned.'" (internal citations omitted)), *superseded by regulation on other grounds*; *see also Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Therefore, Plaintiff's has not shown that they ALJ's assessment of Plaintiff's testimony lacked the requisite specificity.

The ALJ failed to identify specific clear, or convincing reasons supported by substantial evidence for rejecting Plaintiff's testimony regarding the severity of her migraine and mental health symptoms. The ALJ's error was not harmless because the RFC fails to account for all of Plaintiff limitations.

**4. Lay Witness Testimony**

Plaintiff argues that the ALJ erred by rejecting the lay witness testimony of Plaintiff's friend and roommate, who provided testimony that Plaintiff sleeps all day because of migraine headaches, has panic attacks in cars and in crowded places, and experiences depression. Dkt. 8, at 15; AR 447. "[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."[4] *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). However, a failure to address lay witness testimony may be deemed harmless where "it is inconsequential to the ultimate nondisability determination." *Carmickle*, 533 F.3d at 1162.

Here, the lay witness observations are substantially similar to Plaintiff's allegations regarding her migraines, anxiety, and depression, which, as discussed above, the ALJ did not

---

[4] The Ninth Circuit has not yet addressed the 2017 regulations in relation to the standard of review for lay witness opinions.

ORDER
PAGE - 13

properly reject. *C.f.*, *Molina*, 674 F.3d at 1117 (failure to address lay testimony is harmless "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony"). Therefore, the ALJ's failure to address the lay witness testimony in this case as not harmless.

### 5. RFC

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess their work-related abilities on a function-by-function basis. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. The RFC is the most a claimant can do considering their limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p.

As discussed above, the ALJ failed to provide legally adequate reasons supported by substantial evidence for rejecting Plaintiff's subjective testimony and the lay witness testimony. The ALJ's errors were not harmless because the RFC fails to account for limitations caused by Plaintiff's migraine headaches and mental health impairments.

### 6. Remedy

The Court has discretion to remand for further proceedings or for an award of benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy" that is appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)); *accord Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic

1  exception to the well-established ordinary remand rule.").

2      Before remanding a case for an award of benefits, three requirements must be met. First,

3  the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether

4  claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759

5  F.3d at 1020). Second, the Court must conclude that "'the record has been fully developed and

6  further administrative proceedings would serve no useful purpose.'" *Id*. In doing so, the Court

7  considers the existence of "'outstanding issues'" that must be resolved before a disability

8  determination can be made. *Id*. (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must

9  conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be

10 required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

11     Here, the first requirement has been met because the ALJ failed to provide legally sufficient

12 reasons for rejecting Plaintiff's subjective testimony and the lay witness testimony regarding the

13 frequency and severity of Plaintiff's migraine headaches and mental health impairments. However,

14 the record indicates that there are outstanding issues that must be resolved before a disability

15 determination can be made. Although Plaintiff reported that her migraine headaches improved

16 with treatment, there is ambiguity in the record whether Plaintiff migraine headaches would

17 interfere with her ability to maintain employment on a consistent basis. Plaintiff testified that she

18 lays down in bed to "help" her migraines but that she is able to get out of bed to shower or go to

19 medical appointments, therapy, or grocery shopping. AR 117–20. At the hearing, Plaintiff also

20 differentiated between experiencing "migraines" and "headaches" and testified that, during the

21 latter, she is able "to function better." AR 117–18, 134–35. Accordingly, the extent to which

22 Plaintiff's migraine headaches limit her functional capacity is unclear from the record. Therefore,

23 further administrative proceedings would serve a useful purpose in this matter.

1    On remand, the ALJ should reevaluate Plaintiff's subjective testimony and the lay witness

2    testimony and reassess Plaintiff's RFC and vocational capacity as warranted by further

3    consideration of the evidence.

4                                    **<u>CONCLUSION</u>**

5    For the reasons set forth above, this matter is REVERSED and REMANDED for further

6    administrative proceedings.

7    DATED this 9th day of March, 2023.

8

9    _____
     MARY ALICE THEILER
10   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER
PAGE - 16